UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS GIBBONS, | : | Case No. 1:05-cv-467 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| ASSET ACCEPTANCE | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[1] THAT: (1)  DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION (Doc. 17) BE GRANTED; (2) THE COMPLAINT BE DISMISSED FOR LACK OF PROSECUTION; AND (3) THIS CASE BE CLOSED

Plaintiff Douglas Gibbons initiated this action on July 11, 2005 by filing a *pro se* Complaint against Defendant Asset Acceptance Corporation.  On November 25, 2005, Plaintiff filed a notice of a change of address.  (Doc. 4.)  On December 2, 2005, he was granted leave to file an Amended Complaint.  (Doc. 9; *see* Doc. 10.)

On September 7, 2006, Defendant filed a motion to dismiss this case for lack of prosecution on the grounds that: (1) Plaintiff did not respond to its discovery requests; (2) its requests, which were served by mail to the address provided in the November 25, 2005 Notice, were returned marked "moved,""left no address," "unable to forward," and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

"return to sender;" and (3) Plaintiff did not notify the Court of any further change in his address.  (*See* Doc. 17.)   Plaintiff did not respond to the motion to dismiss.

On October 11, 2006, the Court ordered Plaintiff to show cause within fifteen days of the date of the Order why Defendant's  motion should not be construed as unopposed and granted.  (Doc. 18.)  The Order To Show Cause was returned to the Court as undeliverable on October 16, 2006.  (*See* Doc. 19.)

Plaintiff has not responded to the Court's Order To Show Cause and has not filed any notice advising the Court of a further change of address.

*Pro se* litigants have the same duty as counsel to notify the court of a change of address.  *See*, *e.g.*, *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party . . . bears the burden of keeping the court apprised of any changes in his mailing address"); *Cardona v. Forster*, No. 95-CV-1939, 1997 WL 599348, at *1 (N.D.N.Y. Sept. 22, 1997) ("Every plaintiff in federal court has a responsibility to prosecute his action diligently, and inform the Court of any address changes").  Moreover, an action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's orders or engages in a clear pattern of delay.  *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have the inherent power to dismiss sua sponte for lack of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Although the Court prefers to adjudicate cases on their merits, Plaintiff has

engaged in a clear pattern of delay by failing to respond to the Court's Order to Show Cause and by failing to notify the Court of any further change of address. Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link*, 370 U.S. at 630-31 (1962); *Jourdan*, 951 F.2d at 110.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion To Dismiss For Failure to Prosecute (Doc. 17) be **GRANTED**;

2. Plaintiff's Amended Complaint (Doc. 10) be **DISMISSED WITH PREJUDICE** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b); and

3. This case be **CLOSED.**


Date:  10/31/06                                         s/Timothy S. Black
                                                        Timothy S. Black
                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS GIBBONS, | : | Case No. 1:05-cv-467 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| ASSET ACCEPTANCE | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).